**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Katherine Dee Fletcher,<br>Petitioner<br>v.<br>Head of SNWCC, *et al.*,<br>Respondents | Case No.: 2:26-cv-02769-APG-BNW<br>**Order Instructing Petitioner to File IFP Application or Pay Filing Fee and File Petition or Complaint on Form**<br>[ECF Nos. 1-1, 3] |

*Pro se* Petitioner Katherine Dee Fletcher has not properly commenced this action by either paying the standard $5.00 habeas filing fee or filing a complete application for leave to proceed *in forma pauperis* (IFP).

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. Fletcher will have 45 days from the date of this order to either pay the $5 filing fee or submit a complete IFP application with all required documentation.

In addition, Fletcher filed motions requesting immediate release based on allegations that the State did not have jurisdiction in her underlying state conviction and that she faces imminent harm due to pregnancy complications and lack of maternity care. Her allegations related to medical care appear to be in the nature of civil rights claims. Fletcher cannot pursue both types of claims in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brough in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation—no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or duration"). Fletcher may pursue either a § 1983 complaint or habeas petition in this case but not both. She may file the other action in a separate case.

If Fletcher is attempting to initiate a civil rights lawsuit or petition for writ of habeas corpus, she must submit the appropriate forms. The Clerk of the Court will send Fletcher courtesy copies of these forms to help her decide what type of lawsuit she is attempting to raise in federal court.

On or before **October 30, 2026**, Fletcher will: (1) submit a § 1983 civil rights complaint on the appropriate form if she wishes to pursue an civil rights action; or (2) submit a petition for writ of habeas corpus on the appropriate form if she wishes to pursue an habeas corpus action. I further note that if Fletcher intends to pursue a § 1983 civil rights action, she must pay the full $402 filing fee for a civil rights action or file a fully complete application to proceed *in forma pauperis*.

If Fletcher does not timely comply with this order, this case will be subject to dismissal without prejudice to Fletcher to refile the case with the court, under a new case number.

I THEREFORE ORDER:

1. On or before **October 30, 2026**, Fletcher will: (1) submit a § 1983 civil rights complaint on the appropriate form if she wishes to pursue a civil rights action; or (2) submit a petition for writ of habeas corpus on the appropriate form if she wishes to pursue an habeas corpus action.
2. On or before **October 30, 2026**, Fletcher will file an IFP application or pay the filing fee. If Fletcher is seeking to initiate a civil rights lawsuit, she will (1) file a fully complete

application to proceed *in forma pauperis*; or (2) pay the full $402 filing fee. If Fletcher is seeking to file a petition for writ of habeas corpus, she will (1) file a fully complete application to proceed *in forma pauperis*; or (2) pay the full $5 filing fee.

3. The Clerk of Court is instructed to send Petitioner a blank form IFP application for incarcerated litigants, instructions for the same, and a courtesy copy of this order.
4. The Clerk of the Court will send Petitioner the approved form and instructions for filing a 42 U.S.C. § 1983 complaint and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
5. Petitioner's failure to comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 15th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE